United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-41116
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS VALDEZ-JAIMES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-347-1
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Valdez-Jaimes appeals his sentence following his guilty-plea conviction of one charge of illegal reentry into the United States. Valdez-Jaimes argues that the district court erred in sentencing him under a mandatory sentencing guidelines scheme. He acknowledges that this claim is reviewed for plain error only, but he contends that he does not have to demonstrate any effect on his substantial rights because the error is structural and because prejudice should be presumed.

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court committed error that is plain by sentencing Valdez-Jaimes under a mandatory sentencing guidelines regime. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). Nevertheless, Valdez-Jaimes has not carried his burden of showing that the district court's error affected his substantial rights. See Valenzeuela-Quevedo, 407 F.3d at 733-34; Mares, 402 F.3d at 521. Valdez-Jaimes's contention that this error is structural and gives rise to a presumption of prejudice is unavailing. See United States v. Malveaux, ___ F.3d ___, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005). Valdez-Jaimes has not shown that he should receive relief on this claim.

Valdez-Jaimes's argument that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional is, as he concedes, foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See Apprendi v. New Jersey, 530 U.S. at 466 (2000); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Valdez-Jaimes has shown no reversible error in the district court's judgment. Consequently, that judgment is AFFIRMED.